IN THE OREGON TAX COURT
MAGISTRATE DIVISION

William W. ANDERSON
and Diana L. Anderson,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 010077F)

William Williamson, Certified Public Accountant, filed the briefs for Plaintiffs.

Michael Hamilton, Tax Auditor, filed the briefs for Defendant.

Decision for Defendant rendered October 3, 2001.

**SALLY L. KIMSEY, Magistrate.**

Plaintiffs appeal Defendant's denial of their refund claim. The refund claim involves tax year 1996. Plaintiffs also appeal Defendant's Notice of Deficiency for tax year 1997. The issue is before the court on the parties' cross-motions for summary judgment.

## STATEMENT OF FACTS

Plaintiffs filed their 1996 and 1997 Oregon Income Tax Returns on or about August 15, 2000. The 1996 return indicated a refund of $1,300. The refund is the result of a claimed deduction for an allegedly worthless nonbusiness debt. Plaintiffs allocated $126 of that refund to tax year 1997.

Plaintiffs loaned $257,601 to Jeffries Development Corporation (Jeffries). At some point, Jeffries filed for bankruptcy protection. In July 1996, Plaintiffs received $156,000 in satisfaction of their original investment. That amount was received through the bankruptcy trustee. The parties agree that the loan to Jeffries was a bonafide debt. The parties also agree that $101,601 of the debt is not recoverable.

The 1996 return was due on April 15, 1997. Citing ORS 314.415(1)(b)(A),[1] Defendant denied the refund because it was received more than three years after its due date. Nor did Defendant allow Plaintiffs to apply part of their claimed 1996 refund to their 1997 obligation, also citing ORS 314.415(1)(b)(A).

## PARTIES' ARGUMENTS

Plaintiffs claim that the $101,601 is a worthless nonbusiness debt under IRC section 166(d)(1)(B). They argue that the settlement in bankruptcy court established that the balance due on the notes was wholly worthless. Consequently they claim that, pursuant to ORS 314.415(3), they have seven years to file their claim for refund.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

Defendant argues that the debt is not a worthless bad debt because, under the provisions of Treasury Regulations section 1.166-5(a), the entire debt must be "wholly worthless" to qualify for consideration under the seven-year time period of ORS 314.415(3). Defendant contends that because Plaintiffs recovered part of their investment, the original debt is only partially worthless. Defendant also contends that bankruptcy does not automatically make an investment wholly worthless.[2]

## ANALYSIS

The issue before the court is whether a nonbusiness bad debt that has been partially recovered may be worthless within the meaning of the Internal Revenue Code (IRC). If it is worthless within the meaning of the code then the specific provision of ORS 314.415(3) applies.

Generally, ORS 314.415(1)(b)(A) sets forth the time in which a claim for refund must be submitted. It provides that "nor shall a refund claimed on an original return be allowed or made in any case unless the return is filed within three years of the due date, excluding extensions, of the return in respect of which the tax might have been credited." There are certain exceptions, however, one of which is potentially applicable in this matter. ORS 314.415(3) states that

"[i]f the claim for credit or refund relates to an overpayment on account of the deductibility by the taxpayer * * * of the worthlessness * * * of a debt, in lieu of the three-year period of limitation prescribed in subsection (1) of this section, the period shall be seven years from the date prescribed by law for the filing of the return for the year with respect to which the claim is made."

That means that if the refund claimed by Plaintiffs on their 1996 return is due to the worthlessness of a debt, their 1996 return was timely filed. If their 1996 return was timely filed,

---

[2] Defendant refers to *In re Landbank Equity Corp.*, 973 F2d 265 (4th Cir 1992) for the proposition that bankruptcy does not automatically make an investment wholly worthless. The issue in *Landbank*, however, had nothing to do with whether a taxpayer had properly claimed a nonbusiness bad debt deduction. Instead, the Fourth Circuit addressed the question of whether, in the context of a bankruptcy proceeding, the burden of showing entitlement to a deduction for bad debt shifts from the taxpayer to the IRS. *Landbank*, 973 F2d at 268.

then they may also apply part of that refund to their 1997 tax obligation.

■■ In order to determine if a debt is worthless, the court looks to section 166 of the IRC. *See Johnson v. Dept. of Rev.*, 6 OTR 21 (1975). Generally, debts that become either wholly or partially worthless within the taxable year may be deducted by a taxpayer. IRC § 166(a). However, where taxpayers are individuals and the debt is not connected to a business or trade, the debt is characterized as a nonbusiness debt. The general rule of IRC section 166(a) does not apply. Instead, IRC section 166(d) applies. That statute states that "where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 1 year." IRC § 166(d)(1)(B).

■■ The Treasury Regulations that accompany IRC section 166 provide a more precise explanation as to what is allowable as a nonbusiness debt deduction. Treasury Regulations section 1.166-5(a)(2) provides that if "a nonbusiness debt becomes **wholly worthless** within the taxable year, the loss resulting therefrom shall be treated as a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 1 year." (Emphasis added.) The section further states:

"A loss on a nonbusiness debt shall be treated as sustained only if and when the debt has become totally worthless, and **no deduction shall be allowed for a nonbusiness debt which is recoverable in part** during the taxable year."

Treas Reg § 1.166-(5)(a)(2) (emphasis added).

Thus, only if the debt is completely unrecoverable may a taxpayer claim a nonbusiness debt deduction under IRC section 166(d). That conclusion is supported by the holding in *Buchanan v. US*, 87 F3d 197, 169 ALR Fed 639 (7th Cir 1996), denying a deduction claimed by the plaintiffs for a worthless nonbusiness debt where partial payment had been received. In its analysis of IRC section 166(d), the court noted that "[t]he criterion of worthlessness is interpreted strictly: the deduction is unavailable if even a modest fraction of the debt can be recovered." *Id*. at 198-99 (citations omitted).

In *Buchanan,* the plaintiffs made investments and incurred debt totaling $2.1 million to help their son-in-law's jewelry business. The plaintiffs had or expected to recover an estimated $480,000 on their investment from the bankruptcy estate of the son-in-law and his business. *Id.* at 199. The court found that the partial repayment was not trivial and therefore the nonbusiness debt was not "wholly worthless" as required for income tax deduction. *Id.* at 201.

■ The Oregon Tax Court has also followed that rule, holding that worthlessness means having no value and there must be no likelihood of a recovery at any time in the future. *Johnson v. Dept. of Rev.,* 6 OTR 21 (1975) (disallowing taxpayers' deduction of a nonbusiness loan because it was secured by valuable assets and therefore not completely worthless in the tax year).

Accordingly, in order for Plaintiffs to deduct their loss, they must prove that "the last vestige of value has disappeared from [their] debt as required by law before it can be classified as worthless.'" *Johnson,* 6 OTR at 34 (citing *Bodzy v. Commissioner,* 321 F2d 331 (5th Cir 1963)). Plaintiffs here recovered $156,000 of their $257,601 loan. Although the debt owed to Plaintiffs has lost value, they recovered a substantial amount, slightly more than 60 percent, of the total loan. The loss suffered by Plaintiffs is not worthless within the meaning of IRC section 166(d). Because it is not worthless, it may not be claimed as a deduction because a nonbusiness debt is not deductible merely because it has lost most of its value. *Buchanan,* 87 F3d at 200.

## CONCLUSION

Because Plaintiffs recovered more than 60 percent of the total loan amount, their loss is not a worthless nonbusiness debt. Therefore, Plaintiffs are not entitled to a deduction under IRC section 166(d). The requirement of wholly worthless debt under Treasury Regulations section 1.166-5(a)(2) has not been met. Consequently, the seven-year period allowed by ORS 314.415(3) for timely filing their 1996 return does not apply. The department was correct in disallowing the refund claimed by Plaintiffs on their 1996 Oregon Income Tax Return.

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Cross Motion for Summary Judgment is granted.